## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **ENGLEWOOD HOSPITAL AND MEDICAL CENTER,** | : | **Civil No. 06-00637 (HAA)** |
| Plaintiff, | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| **AFTRA HEALTH FUND,** | : | |
| Defendant. | : | |

This matter comes before the Court on the motion of the plaintiff, Englewood Hospital and Medical Center, to remand the action to the Superior Court of New Jersey, Bergen County. The motion was opposed by defendant AFTRA Health Fund. Oral argument was heard on August 10, 2006. For the reasons set forth on the record and transcribed in the attached transcript, it is respectfully recommended that this action be remanded to the Superior Court of New Jersey, Bergen County.

Dated: August 23, 2006

Hon. Mark Falk
UNITED STATES MAGISTRATE JUDGE

```
1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
2

3   ENGLEWOOD HOSPITAL & MEDICAL    .
    CENTER,                         .
4                                   .    Docket No.  06-0637 (HAAXMF)
                 Plaintiffs,        .
5                                   .    Newark, New Jersey 07102
                 vs.                .    August 10, 2006
6                                   .
    AFTRA HEALTH FUND,              .
7                                   .
                 Defendants.        .
8
                       TRANSCRIPT OF MOTION
9              BEFORE THE HONORABLE MARK FALK
               UNITED STATES MAGISTRATE JUDGE
10
    APPEARANCES:
11
    For the Plaintiff:          CAMILLE JOSEPH KASSAR, ESQ.
12                              MALOOF, LEBOWITZ, CONNAHAN &
                                OLESKE, ESQS.
13                              121 Main Street
                                Chatham, New Jersey 07928
14                              Lead Attorney

15  For the Defendants:         LISA M. GOMEZ, ESQ.
                                COHEN, WEISS & SIMON, LLP
16                              206 Claremont Avenue
                                Montclair, NJ  07042
17
                                SUZANNE E. D'AMATO, ESQ.
18                              COHEN, WEISS & SIMON, LLP
                                330 West 42nd Street
19                              New York, NY  10036-6976

20  Audio Operator:

21  Transcription Company:      KING TRANSCRIPTION SERVICES
                                65 Willowbrook Boulevard
22                              Wayne, New Jersey 07470
                                (973) 237-6080
23
    Proceedings recorded by electronic sound recording, transcript
24  produced by transcription service.

25
```

I N D E X

1    MOTION TO REMAND AND FOR COUNSEL FEES

2    THE COURT:

3    Decision                                                    17

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Colloquy                                         3

1           THE COURT:  All right, good morning, counsel.  This

2      is the case of Englewood against AFTRA Health Fund, which is

3      Civil Action No. 06-637.  Would counsel place their appearances

4      on the record, please?

5           MR. KASSAR:  Yes, Your Honor, good morning.  Camille

6      Joseph Kassar, K-A-S-S-A-R, Maloof, Lebowitz, Connahan &

7      Oleske, on behalf of the plaintiff.

8           MS. GOMEZ:  Good morning, Your Honor.  My name is

9      Lisa Gomez.  I'm here with my associate, Suzanne D'Amato.

10     We're from the Law Firm Cohen, Weiss & Simon, and we're here

11     representing the defendant, The AFTRA Health Fund.

12          THE COURT:  All right.  Before the Court are two

13     motions, which I believe have been referred to me for

14     consideration.  One is the motion to remand the case to the

15     State Court, and there's also a request for attorneys' fees as

16     part of that motion.  I have read the papers.  I am familiar

17     with the arguments.  Would anyone like to be heard on this?

18          MR. KASSAR:  Your Honor, Your Honor is very well

19     familiar -- very familiar with this issue.  There are other

20     cases you've handled accordingly.  Unless the Court has

21     specific questions, for me, I don't have anything to add to the

22     moving papers, Judge.

23          THE COURT:  Thank you.

24          MS. GOMEZ:  Guess also we've pretty much taken up

25     your -- part of your docket with these cases over the past few

Colloquy                                        4

1   months, and I think that we've covered -- I think that

2   everything has been covered amply in the papers.  I would like

3   to just to emphasize on the -- particularly on the independent

4   legal duty point, if Your Honor has any questions as to that

5   point, I would be happy to answer those questions.

6           THE COURT:  Okay.  I don't have any specific

7   questions about the law involved necessarily.  I do want to

8   raise with you, it seems to me that there are a group of cases

9   consolidated before Judge Lifland.  Are anyone familiar with

10  those?

11          MS. GOMEZ:  Certainly, Your Honor.

12          MR. KASSAR:  Yes, Your Honor.

13          THE COURT:  And those involve the same issue, don't

14  they?

15          MR. KASSAR:  Yes, Your Honor.

16          MS. GOMEZ:  Yes, Your Honor.

17          THE COURT:  So I guess what I would wonder is there

18  -- are there any cases, other cases -- I know there are some

19  new cases that have just been filed.  But -- an some other

20  cases that have been decided.  Seem to be a lot of cases

21  raising this issue.  Has any other case proceeded to the point

22  where it's headed back to the Circuit, or anything like that?

23          MR. KASSAR:  Not back to the Circuit, Judge.

24          THE COURT:  Oh, just to --

25          MR. KASSAR:  They're having decisions by, I think,

Colloquy/The Court                          5

1   Judge Wallace, where the case was remanded.

2           THE COURT:  Yes.

3           MR. KASSAR:  On--- and there were, I believe,

4   Magistrate Hedges remanded two other cases, as well, Judge.

5           We heard there were three cases argued on the same

6   day before Judge Hedges, and I don't have the specifics in

7   front of me, but two were remanded with essentially the consent

8   of defense counsel, Judge.  Because they did not feel that the

9   Federal Court still had jurisdiction over the case, Your Honor.

10          On the remaining case where Ms. Gomez and I were

11  adversaries, I believe, Judge Hedges has agreed to defer to

12  Judge Lifland's findings on that issue, if I'm not mistaken.

13          MS. GOMEZ:  I don't know, my understanding as to

14  Judge Hedges was that he reserved decision.  But I don't know

15  that he specified that we had oral argument before Judge

16  Hedges, I want to say it was April or May, and he reserved

17  decision on the remand issue.  We have not, yet, received an

18  opinion.

19          As Mr. Kassar states there have been other cases that

20  have been before this Court, and they have been remanded.  But,

21  to my knowledge of those cases, they've either been at the

22  consent of defense counsel, or defense counsel did not respond

23  to the motion to remand.  Or I believe there's one -- there

24  would be one or two cases where there was no evidence of an

25  assignment presented in those cases, so they were decided on

1  those grounds.

2          THE COURT:  Okay, very well.  Thanks, you can have a

3  seat.

4          MR. KASSAR:  Thank you, Judge.

5          THE COURT:  As I said, I have read the briefing,

6  which was quite good.  But the basics is -- this is a motion to

7  remand.  The premise of the motion is the contention that this

8  is a State breach of contract claim, which is predicated on a

9  legal duty that's independent of E.R.I.S.A.  And thereby, there

10  is no Federal jurisdiction and the case should be remanded to

11  the State Court.

12          Now, I do want to make clear on the record that I am

13  treating this as a report and recommendation to Judge Ackerman,

14  since it involved remand.  The Third Circuit, I think, has made

15  clear that that is something that is considered dispository.

16  Although, there was a time when it was not, the Magistrate

17  Judges did it directly.

18          I'm taking the unusual step, and I will explain this

19  to Judge Ackerman to render a decision on the record, rather

20  than in writing in this case.  In part due to my -- the number

21  of cases that I'm handling, the fact that this motion

22  apparently has been around for some time, and also due to a

23  personal matter.  So, I thought since it's rather

24  straightforward in some respects, I would do this more quickly,

25  and simply render my decision on the record today.

The Court                                    7

1          So back to it, we have the remand motion and some

2    background.  On December 13th, 2005 the Englewood Hospital and

3    Medical Center ~~filed a complaint~~ in the ~~Superior~~ Court of New

4    Jersey, Bergen County.  First calendar complaint set forth a

5    breach of contract claim against the AFTRA Health Fund.

6    Basically, some of the background facts are the plaintiff

7    contracted with Multi-Plan, Inc. to become a preferred provider

8    organization, and provide discounted hospital fees to patients

9    covered by health plans, which contracted with Multi-Plan.  The

10   defendant also contracted with Multi-Plan as a health plan to

11   receive access to discounted rates provided to Multi-Plan

12   subscribers at the covered hospitals.

13          Under the terms of the contracts between Multi-Plan

14   and the plaintiff, health plans were only eligible for reduced

15   fees provided they paid claims within a certain amount of time.

16   And plaintiff apparently now claims that defendant after

17   determining eligibility and coverage failed to pay the claims

18   in a timely manner.  So there's a claim of unjust enrichment.

19          On February 9th, 2006, defendant filed a notice of

20   removal, pursuant to 28 U.S.C. 1441, defendant provided the

21   grounds for removal that the plaintiff's complaint was governed

22   by Section 502a1B of E.R.I.S.A, 29 U.S.C. 1132a1B over which

23   the District Court has original jurisdiction under Section

24   1331.

25          So, just to summarize the factual background again,

The Court                          8

1    the hospital, of course, is a hospital providing medical

2    services to the public.  The hospital entered into a contract

3    with Multi-Plan.  Agreed to become a member of a PPO Network to

4    accept this kind of payments for group health coverage.

5    Services provided to subscribers subject to considerations

6    detailed in the contract between hospital and Multi-Plan.

7           Defendant provides group health coverage to its

8    members, and through a contractual relationship with Multi-

9    Plan, the defendant accesses discounted rates for services.  In

10   order to receive those rates defendant had to comply with

11   certain conditions, which include payment within the time plan.

12          I think that this case involves claims relating to

13   two individuals for services rendered by the hospital.  The

14   defendant allegedly failed to make payment within the required

15   time period to be eligible for the discounted rate.  The

16   hospital claims it's entitled to the full bill charges, and

17   asserted this cause of action to seek the balance due in owing

18   to the defendant.

19          According to the plaintiff, the Court is not really

20   being asked, and I think the Court agrees, to address any

21   issues of benefit availability under the E.R.I.S.A. plan.  The

22   issue involves the alleged failure to make timely payment to

23   the hospital in order to qualify for the discount.  Thus, the

24   claim is -- the plaintiff's claim is that the Court lacks

25   necessary jurisdiction to maintain the matter in Federal Court.

The Court                                    9

1          As stated previously, this is one of many cases, many

2    identical cases filed in this Court, that seem to be at various

3    stages.  But the issue appears to be very similar, if not

4    identical in all those cases.  Very simply, the precise issues

5    raised on this motion were considered and decided upon in a

6    precedential Third Circuit decision in which the District Court

7    was reversed.  This is a case that I had some Magistrate Judge

8    case management involvement in.  But the Third Circuit reversed

9    the District Court and found that the nearly identical case

10   should be remanded to the Superior Court.

11         That case, as we all know, is the Pascack Valley

12   Hospital, Inc. v. Local 444 UFCW Welfare Reimbursement Plan,

13   388 F. 3d. 393.  There's also been another Third Circuit case

14   of some importance, Community Medical Center v. Local 44A, 143

15   F. 3d. 433.  And there's been various District Court decisions

16   in the Third Circuit, and certainly in the new -- District of

17   New Jersey following those cases, some of which have been

18   alluded to here.

19         One decision that was attached to one of the papers,

20   addressed the issue in a very simple fashion.  This was the

21   Bayonne Medical Center v. Local Three Bakers case, Docket 05-

22   5846, in which Judge Greenaway issued an order and said, and I

23   quote from the order, "In Community Medical Center and Pascack,

24   the Third Circuit held that a breach of contract suit against

25   an employee welfare plan by a hospital is not removable as

The Court                          10

1   arising under the Federal common law of E.R.I.S.A., because the

2   hospital did not have standing to bring a suit under E.R.I.S.A.

3   And because the plaintiff's breach of contract claims were

4   predicated on a legal duty that was independent of E.R.I.S.A."

5   Community Medical Center and Pascack were signed -- I mean were

6   cited, and Judge Greenaway continues the same reasoning applies

7   here and the outcome must be the same.  Other judges in this

8   district have decided the same issue based on the same rather

9   simple statement.  And that really could, to some extent, end

10  the inquiry here.

11          However, there have been certain other issues raised

12  in this case, so I will address them.  But to really place

13  everything in context, you get back to Pascack Valley, and

14  there's no advantage to having the Magistrate Judge trying to

15  paraphrase or to state the holding and the area dict statement

16  of the law in Pascack Valley.  And I think that would be un --

17  inefficient and unnecessary for me to try to put into my own

18  words.  But to place things in context, I'll simply quote at

19  some length from the Pascack case, because it informs the

20  Court's recommendation here, and also places in context for

21  Judge Ackerman the issue at hand.

22          Pascack sets out the law beginning at the beginning,

23  "A civil action," I'm quoting, "filed in the State Court may be

24  removed to the Federal Court, if the claim is one arising under

25  Federal Law.  Under the Well Pleaded Complaint Rule the

The Court                    11

1  plaintiff is ordinarily entitled to remain in State Court so

2  long as its complaint does not, on its fact, affirmatively

3  allege a Federal claim." — I'm leaving the cites out. "Federal

4  preemption is ordinarily a defense to a plaintiff's suit, and

5  as such does not appear on the fact of a well pleaded

6  complaint."  In the <u>Pascack Valley</u> case, which I think is

7  similar here, the hospital's complaint does not present a

8  Federal question, rather the complaint states -- asserts State

9  Common Law claims for breach of contract.  The complaint does

10 not expressly refer to E.R.I.S.A, and the rights for immunities

11 created under E.R.I.S.A. are not elements, let alone essential

12 elements of the plaintiff's claims.  The possibility or even

13 likelihood that E.R.I.S.A.'s preemption provisions, Provision

14 29 U.S.C. 1144a may preempt the hospital State claims is not a

15 sufficient basis for removal.

16         Now, to go on here.  Although the, and I'm skipping

17 around, but still quoting from Pascack.  "Although the well

18 pleaded complaint rule would ordinarily bar the removal of an

19 action to Federal Court where Federal jurisdiction is not

20 presented.  On the face of the plaintiff's complaint, the

21 action may be removed if it falls within the narrow class of

22 cases to which the doctrine of complete preemption applies."

23 That citing the recent <u>Aetna Health, Inc. v. Daverler</u>

24 (phonetic), 542 U.S., I don't have the page, but it's the

25 United States Supreme Court case of 2004.  And the question is

1  raised as to E.R.I.S.A.'s Civil Enforcement Provision, Section

2  502, which is described in <u>Pascack</u> as one of those provisions

3  with such ~~extraordinary~~ preemptive power ~~that it~~ converts an

4  ordinary State Common Law complaint into one stating a Federal

5  claim for purposes of the Well Pleaded Complaint Rule.

6            The Supreme Court when faced with that kind of an

7  issue, whether it's within the scope, and therefore preempted

8  and removable, has recently clarified the inquiry in such

9  cases.  It follows that if an individual brings suit

10 complaining of a denial of coverage for medical care, where the

11 individual is entitled to such coverage only because of the

12 terms of an E.R.I.S.A. regulated employee benefit plan, and

13 where no legal duty, State or Federal, independent of

14 E.R.I.S.A. or the plan terms is violated, then the suit falls

15 within the scope of 502a1B.

16           In other words, if an individual at some point in

17 time could've brought his claim under E.R.I.S.A. 502a1B, and

18 where there's no other independent legal duty that is

19 implicated by a defendant's actions, then the individual cause

20 of action is completely preempted by E.R.I.S.A.  And then you

21 really get to the crux of the decisional issue in this case.

22           Accordingly, quote, "This case is removable only if,

23 one, the hospital could have brought its breach of contract

24 claim under Section 502a, <u>and</u>, and underscored, two, no other

25 legal duty supports the hospital's claim."  Of course, at that

1  point the Court then concluded the hospital could not have

2  brought its claims under 502a, and there's an extensive

3  discussion of that. 502a, the statute is limited to

4  participants and beneficiaries.  So in Pascack the Court found

5  that the hospital had failed to establish -- the defendant

6  failed to establish that the hospital could've brought its

7  claim under 502, because based on the Court's finding that the

8  hospital did not have standing to sue under E.R.I.S.A because

9  there was no evidence in the record.  This was the PASCACK

10 VALLEY rationale that the hospital was one of the enumerated

11 parties permitted to bring a claim under 502a.

12          The third -- the Court in Pascack Valley did state

13 that the Third Circuit had not resolved whether a hospital can

14 establish standing to sue under 502a of E.R.I.S.A., based on an

15 assignment of a claim from a participant or beneficiary.  But

16 didn't address that issue because it found that there was no

17 actual evidence of an assignment in the record.

18          Plaintiff argues that the hospital could have -- I'm

19 sorry.  The defendant argues that the hospital could have

20 brought its claim under E.R.I.S.A. 502a, because unlike the

21 hospital in Pascack Valley, in this case, it is clear that the

22 hospital holds a valid assignment for both claims that relate

23 to this action.  And evidence of that assignment has been

24 placed in the record.

25          The defendant points out that the Pascack Valley

The Court                14

1   Court noted, quote, "almost every Circuit to have considered

2   the question has held that a health care provider can assert a

3   claim under 502a, ~~where a beneficiary or participant has~~

4   assigned to the provider the individual's right to benefits

5   under the plan."  That's true, almost every Circuit, but not

6   the Third Circuit, at this time, at this point.  And that issue

7   is -- is out there.

8         But getting back to it, the crux of the case, I said,

9   is whether the hospital could bring the case under 502a, and

10  more importantly that no other legal duty supports the

11  hospital's claim.

12        Now, the Court is not of the view that the presence

13  or absence of record of the -- anything in the record regarding

14  the assignment is dispositive of the issue here.  However, even

15  if that were the case, and even if there was Third Circuit

16  authority, the Court finds that the defendant still cannot

17  maintain Federal jurisdiction.  Because the second prong of the

18  analysis cannot be met.  The Third Circuit in Pascack Valley

19  held, quote, "We further conclude that the hospital's State Law

20  claims are predicated on a legal duty that is independent of

21  E.R.I.S.A." citing Daverlor.  The crux of the parties dispute

22  is the meeting basically of the subscriber agreement.  I left

23  some language out from the quote. " For coverage and

24  eligibility disputed, interpretation of the plan might form an

25  essential part of the hospital's claims.  However, coverage and

The Court                    15

1   eligibility do not seem to be in dispute in this case.  The
2   resolution of the lawsuit requires the interpretation of the
3   subscriber agreement, not the plan.  The hospital's right to
4   recovery, if it exists, depends entirely on the operation of
5   contracts that are independent of the plan itself, or arguably
6   independent."

7        The Third Circuit does some analysis of this, and
8   they refer to a 9th Circuit case, and they say, quote, "We find
9   instructive the 9th Circuit's opinion in <u>Blue Cross California</u>
10  <u>v. Anesthesia Care Associates Medical Group</u>, 187 F. 3d 104-5."
11  In that case, the Court held that claims asserted by health
12  care providers against the health care plan for breach of their
13  provider agreements were not completely preempted.  The Court
14  reached the conclusion notwithstanding the fact that these
15  medical providers obtained assignments of benefits from
16  beneficiaries of the E.R.I.S.A. covered health care plans.  The
17  Court held that the provider's claims were not claims for
18  benefits under E.R.I.S.A. plans.  The providers are asserting
19  contractual breaches that their patients assignors could not
20  assert the patients are simply not parties to the provider
21  agreements.  The dispute is not over the right to payment, but
22  the amount.

23       So, to summarize, I think plaintiff's argument that
24  the main distinction between this case and <u>Pascack</u> is that in
25  that case there was no evidence of an assignment in the record,

The Court                                16

1    and here there is evidence of an assignment, but is unavailing

2    for a variety of reasons.

3              First of all, the Third Circuit has remanded all such

4    claims that I've seen and that have been brought to the

5    attention of this Court, and certainly, the District Court has

6    done so as well.  Despite references to assignments, and we

7    just heard that reference actually from Pascack Valley.

8    Although, Pascack Valley passed on the assignment issue because

9    it wasn't in the record.

10             But more importantly, the second prong, as I stated,

11   cannot be overcome in which the Pascack  Court said, we

12   conclude that the hospital State Law claims are predicated on a

13   legal duty that is independent of E.R.I.S.A.  The hospital

14   claims to be sure or derived from an E.R.I.S.A. plan and exist

15   only because of that plan.  The crux of the parties dispute is

16   the meaning of the agreement, the contract that goes to the

17   discounted rates.  So, the hospital's right to recovery, if it

18   exists, depends on the operation of those third party contracts

19   executed by the plan.

20             I do also want to note in Pascack Valley that

21   Justice, then Judge Alito issued a concurrence.  And he did

22   make reference to the fact that the issue really hadn't been

23   decided in this Circuit.  However, the Court's reading of his

24   concurrence suggests clearly that the formality, at least in

25   Justice Alito's mind or view, was relatively unimportant.

1   Justice Alito states that in Pascack the Court very well could

2   have and should have assumed an assignment was made.  Because

3   he goes on to say, it's sort of obvious or common that that is

4   the way that these cases and proceed, not so much these cases,

5   but that's the way the business interaction proceeds.  By

6   concurring in the remand and the judgement, Judge Alito made

7   clear his conclusion, that the action should be remanded

8   despite what he would, I think, refer to as an assumed

9   assignment.  And I think Judge Alito's concurrence contradicts

10  the defendant's argument, well not binding, certainly

11  contradicts the defendant's argument that assignment, the

12  record evidence of the assignment is a dispositive legal issue.

13          Finally, the Court will deny the request for counsel

14  fees and sanctions.  Although, Pascack is out there, we see

15  that there is a tremendous amount of litigation since.  There

16  was a legitimate issue raised in this case.  It was a

17  legitimate, factual difference in this case about the presence

18  of an assignment, and a difference of opinion over the law.  So

19  this is in no way a frivolous matter, and there's no right to

20  counsel fees in the Court's view.

21          Therefore to conclude, the Court respectfully

22  recommends to District Judge Ackerman that the plaintiff's

23  motion to remand be granted, and the motion for counsel fees be

24  denied.  I'm going to order a copy of the transcript of this

25  report and recommendation, which should be available within a

The Court – Decision/Colloquy/                    18
Certification

couple of days, and appended to my report and recommendation to

Judge Ackerman.  Of course, I remind the parties of what the

rules provide for responding to, if anyone sought to or

objecting to the report and recommendation.  That's all.

        Anything further, counsel?

        MR. KASSAR:  No thank you, Your Honor.

        THE COURT:  Okay.

        MR. KASSAR:  Thank you, Judge.

        THE COURT:  Thank you very much.

        MS. GOMEZ:  Thank you, Your Honor.


        (Proceeding concluded)

        Certification

    I, Patricia Wtulich, assigned transcriber, certify that

the foregoing is a correct transcript from the official

electronic sound recording of the proceedings in the above-

entitled matter.

*Patricia Wtulich*        8-12-06
Signature of Assigned Transcriber      Date

Patricia Wtulich, Assigned Transcriber
King Transcription Services
65 Willowbrook Boulevard
Wayne, NJ 07470
(973) 237-6080

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25